IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JONATHAN ADAMS, as
Administrator of the Estate of
Gary C. Adams,

                Plaintiff,

v.                                            CIVIL ACTION NO. 3:10-0605

MARATHON PETROLEUM CO., LLC,
MARATHON OIL COMPANY,
JOHN DOE AND JOHN DOE CORPORATION,
an unknown individual and corporation,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion to Remand by Plaintiff Jonathan Adams, as the Administrator of the Estate of Gary C. Adams. [Doc. No. 9]. Defendants Marathon Petroleum Co., LLC and Marathon Oil Company oppose the motion. Upon consideration of the arguments by the parties, the Court **DENIES** the motion.

On March 26, 2010, Plaintiff filed an action in the Circuit Court of Wayne County, West Virginia, as the Administrator of the Estate of Gary C. Adams. According to the Complaint, Mr. Adams was working as a crew member on the towboat M/V Tri-State, when he was knocked off the boat and drowned in the Ohio River. Plaintiff brought this action in state court under the Jones Act, 46 U.S.C. § 30104 (formerly codified at 46 U.S.C. § 688) *et seq.* and the "savings to

suitors" clause found in 28 U.S.C. § 1333.[1] The Complaint also included an *in rem* action against the M/V Tri-State and an admiralty law designation under Rule 9(h) of the Federal Rules of Civil

---

[1] Section 1333 provides, in part: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). In *In re Lockheed Martin Corp.*, 503 F.3d 351 (4th Cir. 2007), the Fourth Circuit explained that, although "federal courts have exclusive jurisdiction over *in rem* actions, federal and state courts have concurrent jurisdiction over *in personam* actions, and the effect of the [savings to suitors] clause is to give an *in personam* plaintiff the choice of proceeding in an ordinary civil action, rather than bringing a libel in admiralty." 503 F.3d at 354 (quoting *In re: Chimenti*, 79 F.3d 534, 537 (6th Cir. 1996) (other citations and internal quotation marks omitted). Thus, the Supreme Court has stated that the effect of the clause is to give a maritime plaintiff a number of options when filing suit:

> "First, the claimant may invoke federal admiralty jurisdiction under the grant of original subject matter jurisdiction over admiralty, maritime, and prize cases set out in Section 1333. Neither diversity of citizenship nor a minimum amount in controversy need be shown under the statute. On the other hand, most plaintiffs have no right to a trial by jury if they invoke the federal court's general admiralty jurisdiction. Second, by virtue of the "saving clause," plaintiff also may sue at law in a state court or in a United States district court. However, to pursue the latter choice, the requirements of diversity of citizenship and jurisdictional amount must be satisfied."

*Id*. at 354-55 (quoting *In re: Chimenti*, 79 F.3d at 537 (quoting 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3672, at 431-33 (1985))).

Procedure.² Based upon the *in rem* action and the Rule 9(h) designation, Defendants removed the action to this Court on April 23, 2010.

Upon removal, Plaintiff quickly filed an Amended Complaint with this Court pursuant to Rule 15(a)(1). In his Amended Complaint, Plaintiff removed his *in rem* cause of action against the M/V Tri-State and his Rule 9(h) designation. Plaintiff then filed his remand motion.

Defendants oppose the motion by arguing that Plaintiff cannot defeat this Court's jurisdiction simply by eliminating certain federal jurisdictional claims. Plaintiff insists, however, that he amended his Complaint not merely to remove those claims for jurisdictional purposes, but

---

²Rule 9(h) provides:

**(h) Admiralty or Maritime Claim.**

**(1) How Designated.** If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

**(2) Designation for Appeal.** A case that includes an admiralty or maritime claim within this subdivision (h) is an admiralty case within 28 U.S.C. § 1292(a)(3).

*Fed. R. Civ. P.* 9(h).

also to ensure that he can receive a jury trial. In support of their positions, both parties cite *Harless v. CSX Hotels, Inc.*, 389 F.3d 444 (4th Cir. 2004).

In *Harless*, the Fourth Circuit discussed its previous decision in *Brown v. Eastern States Corp.*, 181 F.2d 26 (4th Cir. 1950), in which the Court held that, if removal was proper at the time it was made, remand is not appropriate when amendments are made to complaints after removal which eliminate federal questions. 389 F.3d at 448. The *Harless* Court explained that *Brown* does not prevent a plaintiff from amending a complaint, but the amendment will not divest the district court of its jurisdiction. *Id.*[3] The Fourth Circuit then distinguished *Brown* from *Harless* where the

---

[3]The Fourth Circuit recognized the reasoning in *Brown* is in tension with the United States Supreme Court's decision in *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), which stated:

> It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state

(continued...)

plaintiff had a mixed motive to amend the Complaint. The plaintiff in *Harless* not only was trying to avoid federal court by amending her pleadings, but she also had another "substantive and meritorious reason" to amend her complaint. *Id.* As the district court found the amendment was made in good faith, the Fourth Circuit upheld the decision to remand the case as such decision rested within the sound discretion of the district court. *Id.*

In this case, the only reason Plaintiff cites for remand, other than eliminating the claims which allowed Defendants to remove this action, is that he wants to ensure he receives a jury trial in state court. The Court, however, is not persuaded to remand this case on this basis. Without doubt, Plaintiff is entitled to a jury trial on his remaining claims whether his case be tried in this Court or in state court. In fact, this Court already has entered a Scheduling Order and set a jury trial on Plaintiff's claims. Thus, his right to a jury trial is protected regardless of where the case is tried. In addition, as Plaintiff's remaining claim is under the Jones Act and the "savings to suitors" clause, it is not a situation in which this Court would be called upon to rule on predominately state law issues. Therefore, for these reasons and the fact it is clear that this Court has jurisdiction to hear the remaining claims in Plaintiff's Amended Complaint, this Court finds in its discretion that remand is not warranted in this situation. Accordingly, the Court **DENIES** Plaintiff's motion.

---

³(...continued)
>tribunals. There may, on the other hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong.

383 U.S. at 726-27 (footnotes omitted).

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

                ENTER:     November 3, 2010

                ROBERT C. CHAMBERS
                UNITED STATES DISTRICT JUDGE